[702 NYS2d 624]

In the Matter of ROBERT ADELBERG (Admitted as ROBERT MICHAEL ADELBERG), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 31, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Dianne M. Saccone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated December 17, 1998, containing one charge of professional misconduct based upon his conviction of a serious crime. The Special Referee sustained the charge after a hearing. The Grievance Committee now moves to confirm the Special Referee's finding and to impose such discipline as the Court deems just and proper. The respondent has neither moved to disaffirm the Special Referee's report nor submitted any reply to the Grievance Committee's motion.

Charge One alleged that the respondent was convicted of a crime in the United States District Court for the Southern District of New York. On or about October 24, 1996, the respondent pleaded guilty before the United States District Court to one count of conspiracy to defraud the Internal Revenue Service, in violation of 18 USC § 371. (The petition erroneously designates the statute as 26 USC § 7201. The petitioner has served an amendment on the respondent.) The respondent was sentenced on or about May 21, 1996 to a term of three years probation, with a special condition of four months home detention, a special assessment of $50, and a fine of $2,000.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained the charge, and the motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent at a hearing on February 1, 1999, including his cooperation with the Grievance Committee and Federal authorities, the evidence of his good character, his previously unblemished record as an attorney, a CPA, and an IRS agent, his expressed remorse for his actions, and the emotional and financial impact of his conviction upon his family and the reputation of the legal community. Notwithstanding the respondent's derivation of little, if any, profit from his part in the conspiracy, he is guilty of the serious crime of conspiracy to defraud the IRS at a time when he was an IRS agent. Under the totality of circumstances, the respondent is disbarred.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert Adelberg, is disbarred, and

his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert Adelberg is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.